IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | |
| Sheri Lou Cumberledge | ) | Case No.: 17-24288 JAD |
| | ) | Chapter 13 |
| Debtor(s) | ) | |
| _____ | ) | |
| Ronda J. Winnecour, Chapter 13 | ) | |
| Trustee, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| Vs. | ) | |
| AmeriHome Mortgage Company, LLC | ) | |
| | ) | |
| Respondent(s) | ) | |

## TRUSTEE'S MOTION TO PRECLUDE POSTPETITION MORTGAGE FEES, EXPENSES AND CHARGES

AND NOW, Ronda J. Winnecour, Standing Chapter 13 Trustee for the Western District of Pennsylvania, reports, as follows:

1. This case was filed on October 27, 2017.
2. AmeriHome Mortgage Company, LLC, filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges on July 19, 2018.
3. The Trustee avers that the Notice should be disallowed in its entirety.
4. The attorney's fees should be disallowed because they have not been explained. The Trustee requests proof as to when they were incurred, for what they were incurred, or for the charges to be disallowed.
5. The charge of $1,050.00 for filing a proof of claim and objecting to confirmation clearly reflects a flat rate charged by agreement between the creditor and counsel.  However, reasonable legal fees are properly assessed to the estate. In this district, reasonable legal fees, assuming they were actually provided, are determined by the lodestar formula which requires multiplying the number of hours reasonably expended by a reasonable hourly rate.  The notice does not contain proof of either. Sadler v. Balboa Capital Corp., 2014 U.S. Dist. LEXIS 27161 (W.D. Pa. 2014).
6. The Trustee does not believe the underlying contract authorizes the fees, costs, and charges.

7. Pennsylvania law controls. The mortgage is a "residential mortgage" as defined by 41.P.S.101. A lender may not charge legal fees until 30 days following the "Act 6" notice. 41 P.S. 406(a)(3). Even then the lender may only charge a maximum of $50.00 until the commencement of a foreclosure or other legal action. Bankruptcy related services do not constitute other legal action. In re Graboyes, 223 Fed. Appx.112 (3d Cir. 2007), In re DeTone, 262 B.R. 359 (Bankr. W.D. {a. 2001). The Trustee is unable to determine from the documentation provided by the creditor that "Act 6" notice was given, the date that it was given, or whether a foreclosure or other legal action was timely commenced and therefore, the Trustee challenges the fees on the basis that they exceed the allowable amounts. 41 P.S. 406(a)(3). Quicken Loans, Inc. v Winnecour (In re Dworek) 2018 Bankr. LEXIS 2508, 2018 WL 4027475 Bankr. WD PA (August 22, 2018).

8. The Trustee requests strict proof as to how all charges on the Notice are incurred, why they were incurred, all documentation and authority that supports these charges as an appropriate post-petition expense of the bankruptcy estate.

9. The Trustee is concerned that even if the creditor seeks to withdraw the Notice of Postpetition Mortgage Fees, Expenses and Charges that the charges will remain on the creditor's records and will be improperly assessed against the loan. The Trustee requests that this Honorable Court order the creditor to provide proof that the loan history has been corrected even if the creditor seeks to withdraw the Notices.

10. The Trustee requests that this Court enter an Order that precludes the Creditor from assessing the cost of defending this Objection to the debtors or the loan.

WHEREFORE, the Trustee respectfully requests that the Notices be disallowed and that this Honorable Court order the Respondent to provide proof that the records have been adjusted to remove these charges.

Respectfully Submitted,

<u>6/10/2019</u>                              <u>/s/ Ronda J. Winnecour</u>

Ronda J. Winnecour (PA I.D. #30399)
Attorney and Chapter 13 Trustee
U.S. Steel Tower – Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com